Houston, J.
This action arises out of a claim brought by the plaintiff, Charles L. Davis (“Davis”), against the defendant, Stephen L. Wheet (“Wheet”), for assault and battery. Wheet is pro se in this matter, and has filed a counterclaim against Davis claiming assault and battery, trespass, malicious prosecution, abuse of process, and emotional injury. Davis seeks to obtain Wheet’s mental health records, asserting that a review of the records is necessary in order to defend against Wheet’s claim of emotional injury. Davis brings this motion subsequent to Wheet’s deposition during which he said that “I’m claiming all kinds of emotional injuries. Everything that’s happened,” and acknowledged that he discussed Davis during a drug treatment program. For the reasons set forth below, Davis’ motion to obtain Wheet’s mental health records is DENIED.
DISCUSSION
All communications between a therapist and patient are privileged.[2] If a party introduces his mental or emotional condition as an element of his claim or defense, however, it is within the discretion of the court to determine whether the interests of justice outweigh the patient therapist privilege.[3] In civil as in criminal cases,[4] a five-step procedure is required to determine which records, if any, should be produced. Kippenhan v. Chaulk Services, Inc., 2 Mass. L. Rptr. No. 7, 121 (Freemont-Smith, J.) (April 27, 1994), citing Commonwealth v. Bishop, 416 Mass. 169, 181-83 (1993); see also Boremi v. Lechmere, Inc., 1993 WL 818581. “The trial court must first determine if the records sought are potentially privileged, and, if so, decide whether the records sought are likely to be relevant. If the records are determined to be both privileged and potentially relevant, the trial court must then examine the records in camera to determine which records, if any, are actually relevant and identify any irrelevant materials.” Kippenhan, supra, citing Bishop at 182.[5]
In this case, the documents pertaining to Wheet’s counseling are privileged under G.L.c. 233, §20B, as communication between a therapist and patient regarding diagnosis or treatment of the patient’s mental or emotional condition. “The general policy of c. 233, §20B, is to protect ‘the justifiable expectations of confidentiality that most individuals seeking psychotherapeutic treatment harbor.’ ” Petition of the Department of Social Services to Dispense with Consent to Adoption, 399 Mass. 279, 287 (1987) (citations omitted ). To determine the relevance of' privileged mental health communications and documents, common claims of emotional distress associated with other tort claims are distinguished from claims of severe psychological injury. In Kippenhan, the court held that plaintiffs do not place their mental or emotional condition at issue simply by makinga“garden-varietyclaimof emotional distress” rather than a claim of “psychic injury or psychiatric disorder.” Kippenhan, supraat 1 n.3. Here, Whelan’s records pertaining to drug treatment counseling are not relevant to this matter unless Whelan seeks to prove that the drug problem for which he has sought treatment was caused by the incident at issue in this case. Furthermore, although his statements in his deposition regarding the extent of his claims for emotional injury are somewhat unclear, there is no evidence that Wheet is claiming a severe form of psychological injury. Therefore, based on the portions of Wheet’s deposition contained in Davis’ motion, this court does not find that the interests of justice outweigh the therapist-patient privilege. If in the course of litigation of this matter, however, Wheet offers evidence of psychological injury of a more severe nature, this court may reconsider the relevance of the Wheet’s mental health treatment records at that time.
ORDER
For the foregoing reasons, Davis’ Motion to Obtain Defendant Stephen L. Wheet’s Mental Health Care Records is DENIED.

 G.L.c. 233, §20B provides, in relevant part: “Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto ... a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient’s mental or emotional condition.”

 ‘The privilege granted hereunder shall not apply to any of the following communications: . . . (c) In any proceeding, except one involving child custody, adoption, or adoption consent, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge . . . finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.” G.L.c. 233, §20B (c).

 “Bishop was a criminal case but the Court perceives no reason why the procedural safeguards should be any less in a civil case. A defendant’s need for production of relevant records pertaining to a plaintiffs psychological condition is, if anything, greater in a criminal case where the defendant’s freedom and reputation may be at stake, than in a civil case where money damages alone may be involved.” Kippenhan, supra at n.7.

 “The documents determined to be actually relevant are to be produced for inspection by defendant’s counsel at the Court House, subject to a protective order in conformity with the appendix to the Bishop decision. These are to be placed under seal in case they are needed pursuant to an appeal.” Kippenhan, supra at n.2.